FRANCIS X. DOHERTY (52329)
J. EDWARD KERLEY (175695)
DOHERTY GEORGESON KERLEY LLP
999 Fifth Avenue, Suite 400
San Rafael, CA 94901
(415) 453-2300
(415) 455-0270 Facsimile

ATTORNEYS FOR PLAINTIFF
LA VELDA SINGLETON dba
LOVE AND CARE PRESCHOOL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LA VELDA SINGLETON dba LOVE AND CARE PRESCHOOL, <br><br> Plaintiff, <br><br> v. <br><br> TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, <br><br> Defendant. | Case No.: C 08-1852 CW <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO TRAVELERS RULE 12 MOTIONS AND REQUEST FOR LEAVE TO AMEND** <br><br> Date: May 22, 2008 <br> Time: 2:00 p.m. <br> Courtroom 2 |

Singleton submits the following opposition to Travelers Indemnity Company of Connecticut's Rule 12 motions:

**I.    Singleton Has Valid Causes of Action Against Travelers**

On November 17, 2004, a fire destroyed Singleton's school in Dublin, California. Travelers agreed to pay only a small fraction of the costs required to comply with the ordinances and building codes that the City of Dublin required to rebuild the school.[1] Three and a half years later, the school still remains in ruins.

---

[1] Complaint ¶¶ 1, 2, & 5-8 and Declaration of Francis X. Doherty ("Decl. Doherty") ¶ 3, Exhibit A.

1

1   Singleton and Travelers submitted the disputed values to a policy appraisal, which
2   rendered an award on June 7, 2007. However, the award was never confirmed because of
3   the death of Travelers' appraiser.[2] On November 28, 2007, Travelers and Singleton spend
4   a day in an unsuccessful mediation conducted by the Hon. Rebecca Westerfield Ret.[3]
5   Travelers invited Singleton to attend a March 3, 2008, meeting with the building
6   department and fire marshal of the city of Dublin. At the meeting, city officials
7   unequivocally stated that the school reconstruction must include ordinances and code
8   upgrades costing approximately $270,000.[4] Travelers has neither referred to the
9   discussions at this meeting nor communicated a written final denial of Singleton's claim.[5]
10  On February 19, 2008, Singleton filed suit in Alameda County to recover her insurance
11  benefits.

## II. The Complaint States Causes of Action for Breach of Contract and Tort—Counts 2 and 3

### A. Travelers Breached the Contract of Insurance

Among other things, the complaint alleges that Travelers failed to pay Singleton the insurance proceeds that the policy should have provided to repair the insured school building.[6] Material allegations are assumed true for Rule 12(b)(6) motions.[7] But Travelers breached the insurance contract long before payment was due by refusing to acknowledge liability for ordinance and code upgrades costing over $270,000 that the City of Dublin required to rebuild the school.[8] [9]

---

[2] Decl. Doherty, ¶ 4, Exhibit B.
[3] Decl. Doherty, ¶ 5, Exhibit C.
[4] Decl. Doherty, ¶ 9.
[5] Decl. Doherty, ¶ 6, Exhibit D.
[6] Complaint ¶¶ 29-31.
[7] *Pareto v F.D.I.C*. (9th Cir. 1998) 139 F3d 696, 699.
[8] Declaration of Doherty, ¶¶ 7 and 8, Exhibits E and F.
[9] Complaint 7:26-28 & 8:17-18.

DOHERTY GEORGESON KERLEY LLP
999 Fifth Avenue, Suite 400
San Rafael, CA 94901
(415) 453-2300

Travelers breached the insurance contract by steadfastly contending that the City of Dublin required ordinance and code upgrades costing no more than $22,782. This ill-founded conclusion left a gap of approximately $250,000 between the amount Travelers committed to pay and the actual cost of required upgrades making it impossible for Singleton to perform under the contract.

Unsurprisingly, Singleton was unable to find a contractor who would agree to make an estimated $270,963.50 of ordinance and code upgrades for $22,782. Nor could Singleton cover the $250,000 shortfall herself. Further, because the City of Dublin would not permit repair of the school without code upgrades, Singleton could not rebuild her school. So when Travelers states that it did not breach the contract of insurance because Singleton did not actually repair the school or make code improvements, it is telling an exceptionally one-sided story, dodging a discussion of the true nature of Singleton's breach of contract claim against Travelers.

Upon notice of loss, the law requires an insurer to make a thorough and prompt investigation and payment of policy proceeds.[10] Travelers' failure to fulfill its policy obligations by withholding policy benefits constitutes a breach of contract.

In addition, Travelers' narrow reading of its ordinance or law coverage breaks the rule of contract interpretation that requires insurers to interpret coverage by broadly resolving issues in favor of the insured.[11] Travelers reads the policy of insurance to mean that it has no obligation to its policyholder unless and until the policyholder is able to complete ordinance and code improvements and upgrades with her own finances. Travelers' interpretation allows it to easily escape its coverage obligations. By stalling all payments for ordinance and code upgrades until the upgrades are completed, in this case over $270,000, an insurer can unreasonably prevent policyholders from repairing the insured structure, just as Travelers did here. Upon notice of the policyholder's intent to repair the insured structure, the law requires that an insurer make an unequivocal

---

[10] *Egan v. Mutual of Omaha Ins. Co.* (1979) 24 Cal.3d 809, 819.

[11] *Continental Cas. Co. v. Zurich Ins. Co.* (1961) 57 Cal.2d 27, 32.

commitment to the policyholder, promising that it will make prompt payment upon completion of construction, or make incremental payments as construction progresses. Here Travelers silently waited for Singleton to make repairs without knowing whether she would be indemnified for them. The interpretation of Travelers' ordinance or code coverage and its application to this case is anything but resolved.

### B. Travelers Breached the Covenant of Good Faith and Fair Dealing

Insurance contracts are unique because a policyholder does not enter an insurance contract seeking profit, but instead seeks security and peace of mind through protection against calamity.[12] The bargained-for peace of mind comes from the assurance that the insured will receive prompt payment of money in times of need.[13] Because peace of mind and security are the principal benefits for the insured, the courts have imposed special obligations seeking to encourage insurers to promptly process and pay claims. An insurer must investigate claims thoroughly, it may not deny coverage based on either unduly restrictive policy interpretations or standards known to be improper, and it may not unreasonably delay in processing or paying claims.[14]

Singleton's cause of action for bad faith describes the conduct that Travelers used to tortiously deprive her of policy benefits.[15] Among other things, Singleton alleges Travelers unreasonably denied liability for the City of Dublin's mandated code upgrades. It failed to affirm or deny coverage for code repairs within a reasonable time and offered less than the amount necessary to repair the building. Travelers corrupted the policy appraisal by introducing coverage issues at the appraisal hearing and failed to make a written denial of her claim. These allegations constitute a claim for breach of the covenant of good faith and fair dealing.

---

[12] *Egan, supra,* at p. 819.

[13] *Austero v. National Cas. Co.* (1978) 84 Cal.App.3d 1, 29-30.

[14] *Egan, supra,* p. 819; *Delgado v. Heritage Life Ins. Co.* (1984) 157 Cal.App.3d 262, 277-278; *Moore v. American United Life Ins. Co.* (1984) 150 Cal.App.3d 610, 637-638; and *McCormick v. Sentinel Life Ins. Co.* (1984) 153 Cal.App.3d 1030, 1048.

[15] Complaint ¶ 41.

DOHERTY GEORGESON KERLEY LLP
999 Fifth Avenue, Suite 400
San Rafael, CA 94901
(415) 453-2300

### C. Singleton Filed Timely Causes of Action for Breach of Contract and Bad Faith

The causes of action for breach of contract and bad faith are timely filed because Travelers never actually denied Singleton's claim. The California Supreme Court held that the period within which to file suit on property insurance policies is tolled from the time the insured gives notice of the damage until the insurer denies coverage.[16] Singleton notified Travelers of the loss on the date of the fire, tolling the policy period until Travelers denied coverage. Singleton filed suit, when she reasonably concluded Travelers would not pay her claim.

The policy period within which to file suit is not triggered by a breach of contract or tortious conduct that produces no immediate harm. The period within which to file suit begins when the plaintiff suffers appreciable and actual harm.[17]

Under the doctrine of equitable tolling, the causes of action for breach of contract and bad faith do not run until the tortious acts cease, which, in this case, was at the time Singleton realized Travelers would not pay her claim and she filed suit.[18]

These causes of action are also timely because under the well established doctrine of equitable estoppel, Travelers indicated its willingness to make payment under the policy by arranging and paying for a mediation conference conducted by the Hon. Rebecca Westerfield, Ret., inducing Singleton to postpone filing suit.[19] The mediation occurred just a few months ago on November 28, 2007.

## III. The Complaint States a Cause of Action for Reformation--Count 1

The complaint alleges that Uren Harrison Kennedy Insurance Agency (Uren) acted as Travelers' agent when it sold Singleton Travelers' insurance policy. Singleton used

---

[16] *Prudential-Lmi Com. Ins. v. Superior Court* (1990) 51 Cal.3d 674, 693.

[17] *Davies v Krasna* (1975) 14 Cal.3d 502, 514.

[18] *Pugliese v Sup. Ct (Pugliese)* (2007) 146 CA 4th 1444, 1452. *Prudential-Lmi Com. Ins. v. Superior Court, supra,* 51 Cal. 3d at 693.

[19] *Vu v. Prudential Prop. & Cas. Ins. Co.* (2001) 26 Cal 4th 1142, 1152-1153.

DOHERTY GEORGESON KERLEY LLP
999 Fifth Avenue, Suite 400
San Rafael, CA 94901
(415) 453-2300

Uren's agency exclusively from 1982 to the fire. Uren represented it had the skills and expertise to obtain adequate property insurance and routinely inspected Singleton's property. Uren represented that it obtained sufficient insurance to cover the repair of her school should it be destroyed by a covered peril. Singleton believed the policy encompassed coverage that reflected these agreements. The policy did not cover the full cost of the repairs to the school and, therefore, the insurance policy should be reformed so that it can conform to the representations so that the school can be repaired.[20]

Where reformation of an instrument is under consideration, inquiry to ascertain the true intent of the parties is not only permissible but also essential.[21] The insurer is charged with its agents' error or mistake.[22] Even if the agent's actions violate some private contractual provision, the insurer remains liable for its agent's representations.[23]

The causes of action are timely filed because the claim for reformation accrues and the period of limitation commences when a policyholder's claim is denied and she sustains a substantial loss because of the failure of Travelers to pay for the damage to the insured property, not when the agent procured the wrong insurance.[24]

### III. The Complaint States Causes of Action for Fraudulently And Negligently Inducing Plaintiff to Purchase Travelers Policy of insurance—Counts 4 & 5

Among other things, the complaint alleges that Uren was Travelers' agent when it sold Singleton Travelers' insurance policy. Travelers represented that it would pay for the repair of the insured structure should it sustain damage. The representations were false and in reliance on the representations, Singleton purchased Travelers' policy of insurance.[25]

---

[20] Complaint ¶ ¶ 9-19.
[21] *First American Title Ins. & Trust Co. v. Cook* (1970) 12 Cal App 3d 592, 598.
[22] *Beach v. United States Fidelity & Guarantee Co.* (1962) 205 Cal App 2d 409, 416.
[23] *Thompson v Occidental Life Ins. Co.* (1973) 9 Cal 3d 904, 921-914.
[24] *Walker v. Pacific Indem. Co.* (1960) 183 CA 2d 513, 517.
[25] Complaint ¶¶ 9, 16, 51-56 & 60.

DOHERTY GEORGESON KERLEY LLP
999 Fifth Avenue, Suite 400
San Rafael, CA 94901
(415) 453-2300

Travelers never intended to pay for ordinance and law upgrades. By using a narrow policy interpretation, Travelers follows a claim practice that deprived Singleton of policy benefits leaving her school in ruins.

False statements by the insurer or its agent as to the existence or amount of coverage under a policy may be actionable as fraud.[26] Fraudulent intent may be established by circumstantial evidence such as the insurer's hasty repudiation of the promised coverage or its failure to attempt performance.[27] Evidence of the manner in which the insurer handles the insurance claim for benefits under the policy is admissible as to its state of mind when the policy was issued. The insurer's earlier intent not to live up to its promises can be inferred from its subsequent conduct in handling claims.[28] Fraud can also be based on the terms of the policy itself. By issuing the policy, the insurer impliedly represents its willingness to perform. No additional, affirmative representations that it will perform need be shown.[29]

Singleton's claim for fraud is timely because, as with the other causes of action, her claim did not accrue until Travelers is denied her claim and she suffered appreciable harm.[30]

## IV. The Complaint States a Cause of Action for Negligence--Count 7

The complaint alleges that Travelers and its agents stated they had the skill, experience and expertise to provide insurance to protect Singleton's interest in the school; Uren acted as Singleton's exclusive agent from 1982 to the fire. Travelers and its agents represented that the policy of insurance issued was sufficient to cover her interest should the building and selected the policy of insurance issued to Singleton. If the policy does

---

[26] *McLaughlin v. National Union Fire Ins. Co.* (1994) 23 Cal.App.4th 1132, 1148.
[27] *Tenzer v. Superscope* (1985) 39 Cal.3d 18, 30-31.
[28] *Wetherbee v. United Ins. Co. of America* (1968) 265 Cal.App.2d 921, 932.
[29] *Miller v. National American Life Ins. Co. of Calif.* (1976) 54 Cal.App.3d 331, 338.
[30] *Davies v. Krasner* (1975) 14 Cal. 3d 502.

7

Case No. C 08-1852 CW                                    OPPOSITION TO RULE 12 MOTIONS

not cover the repair of the school, then Travelers and its agents failed to exercise reasonable care in determining her needs.[31]

California courts have recognized a duty on the part of insurers to exercise reasonable care in seeking coverage as requested by an insured.[32] The courts have also recognized a special duty to inform insureds of their rights and obligations--i.e. the scope of coverage--under a policy.[33]

In addition to an express agreement to ensure adequate coverage, an agent may assume a greater duty toward an insured by misrepresenting the policy's terms or extent of coverage. In *Westrick v. State Farm Ins*. the appellate court held an insurance agent may be liable for his negligent failure to accurately apprise an insured of his policy terms upon request.[34]  The *Westrick* court held that based on the insured's inquiries and the agent's superior knowledge of the scope of an automatic coverage clause under the policy, the agent had "the duty reasonably to inform an insured of the insured's rights and obligations under the insurance policy."[35]

## V.   Request for Leave to Amend

In the event that the Court finds any inadequacy in the pleadings, Singleton requests that she be given leave to amend the complaint to cure any potential inadequacies that are curable.

DATED: May 1, 2008                           DOHERTY GEORGESON KERLEY LLP

                                                      /S/
                                      FRANCIS X. DOHERTY
                                      J. EDWARD KERLEY
                                      Attorneys for Plaintiff

---

[31] Complaint ¶9 & 75-83.
[32] *Free v. Republic Ins. Co.* (1992) 8 Cal.App.4th 1726.
[33] *Paper Savers v. Nacsa* (1996) 51 Cal. App. 4th 1090.
[34] *Westrick v. State Farm Ins*. (1982) 137 Cal. App. 3d 685.
[35] *Id*. at p. 692.

DOHERTY GEORGESON KERLEY LLP
999 Fifth Avenue, Suite 400
San Rafael, CA 94901
(415) 453-2300