FRANCIS X. DOHERTY (52329)
J. EDWARD KERLEY (175695)
DOHERTY GEORGESON KERLEY LLP
999 Fifth Avenue, Suite 400
San Rafael, CA 94901
(415) 453-2300
(415) 455-0270 Facsimile

ATTORNEYS FOR PLAINTIFF
LA VELDA SINGLETON dba
LOVE AND CARE PRESCHOOL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LA VELDA SINGLETON dba LOVE AND CARE PRESCHOOL, | Case No.: C 08-1852 CW |
| Plaintiff, | **NOTICE OF MOTION TO REMAND AND MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | Date: June 5, 2008 |
| TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, | Time: 2:00 p.m. Courtroom 2 |
| Defendant. | |

**NOTICE**

Please take notice that on June 5, 2008, at 2:00 p.m. in Courtroom 2, La Velda Singleton ("Singleton") will move the Court to remand the lawsuit to the Alameda County Superior Court because there is no diversity of citizenship. Additionally, the removal is procedurally defective because Travelers failed to obtain the consent of several served non-diverse defendants to remove the state action.

Travelers removed this action on April 7, 2008 and this motion is timely.

This motion is based on this notice, the memorandum of points and authorities, the Declaration of Francis X. Doherty, the exhibits, and the pleadings.

1

Case No. C 08-1852 CW                                                                                          MOTION TO REMAND

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Singleton Has Valid Causes of Action Against Several Served California Residents

On November 17, 2004, a fire destroyed Singleton's school in Dublin, California. Travelers agreed to pay only a small fraction of the costs required to comply with the ordinances and building codes that the City of Dublin required to rebuild the school.[1] Three and a half years later, the school still remains in ruins.

Singleton and Travelers submitted the disputed values to a policy appraisal, which rendered an award on June 7, 2007. However, the award was never confirmed because of the death of Travelers' appraiser.[2] On November 28, 2007, Travelers and Singleton spent a day in an unsuccessful mediation conducted by the Hon. Rebecca Westerfield Ret.[3] Travelers invited Singleton to attend a March 3, 2008, meeting with the building department and fire marshal of the city of Dublin. At the meeting, city officials unequivocally stated that the school reconstruction must include ordinances and code upgrades costing approximately $270,000. Travelers has neither referred to the discussions at this meeting nor communicated a written final denial of Singleton's claim.[4] On February 19, 2008, Singleton filed suit in Alameda County to recover her insurance benefits.

Singleton must show the possibility of establishing liability against one or more of the California residents to defeat Travelers' claim of fraudulent joinder.[5] Travelers has the heavy burden of proving the non-diverse parties are fraudulently joined.[6]

---

[1] Complaint ¶¶ 1, 2, & 5-8. Declaration of Francis X. Doherty ("Decl. Doherty") ¶ 2, Exhibit A.
[2] Decl. Doherty, ¶ 3, Exhibit B.
[3] Decl. Doherty, ¶ 4, Exhibit C.
[4] Decl. Doherty, ¶ 5, Exhibit D.
[5] *Dodson v. Spiliada Maritime Corp.* (5th Cir. 1992) 951 Fed 40, 42.
[6] *Jernigan v. Ashland Oil Co* (5th Cir. 1993) 989 F2d 812, 815-16.

2

Case No. C 08-1852 CW                                                                 MOTION TO REMAND

DOHERTY GEORGESON KERLEY LLP
999 Fifth Avenue, Suite 400
San Rafael, CA 94901
(415) 453-2300

### A. The Complaint Set Forth All Elements of a Cause of Action for Intentional Infliction of Emotional Distress against Allyson Delgado

The complaint alleges that Delgado investigated Singleton's claim. Delgado earned bonuses and benefits when she undermined and discredited policyholders' legitimate claims. Delgado knew the illegal nature of her conduct, as for example when she concealed building estimates that were substantially higher than the estimate she disclosed to Singleton to understate the true cost to repair the school. Delgado deliberately delayed payment of the insurance proceeds to Textron, a mortgagee, causing Textron to apply the insurance proceeds to the outstanding loan balance. Delgado induced Chris Morton, an engineered, to falsify his engineering report to have it appear that code improvements were not mandated by the City of Dublin. Delgado knew Singleton would suffer severe emotional distress given the school was her only source of income. Delgado intended to cause emotional distress and acted with reckless disregard knowing that Singleton would suffer emotional distress. Singleton suffered emotional distress.[7]

These allegations set forth a valid claim for intentional infliction of emotional distress against Delgado. Where the requisite elements are present--extreme and outrageous conduct, intent to cause emotional distress and severe emotional distress--a policyholder may sue persons other than the insurer, such as a claim supervisor for intentional infliction of emotional does stress against.[8]

Singleton's state court action is timely. Delgado's conduct and Singleton's emotional distress continued from the day Delgado delayed payment of policy proceeds creating anxiety and continued over the prolonged "investigation" from November 17, 2004, to Singleton filed a complaint on February 19, 2008. Moreover, Singleton's damages were not ascertainable until the claim or denied or, in this case, when she had reason to believe that Travelers would not pay the policy benefits due under the policy.

---

[7] Complaint ¶¶ 62-71.

[8] *Fletcher v. Western Nat'l Life Ins. Co.* (1970) 10 Cal.App.3d 376.

Case No. C 08-1852 CW                                                                                      MOTION TO REMAND

DOHERTY GEORGESON KERLEY LLP
999 Fifth Avenue, Suite 400
San Rafael, CA 94901
(415) 453-2300

1  Where the wrong complained of is ongoing, the cause of action is subject to continuous
2  accrual for statute of limitation purposes.  It is immaterial in such cases that plaintiff
3  could have commenced the action earlier.[9]  The statute of limitations does not begin to run
4  until the date of the last injury or when the tortious act ceases.[10]

### B. The Complaint Sets Forth All Elements of a Cause of Action for the Insurance Agent's Failure to Obtain Insurance That Included Coverage for Code Improvements

Singleton alleges that from 1982 to the time of the fire, Uren Harrison Kennedy Insurance Agency ("Uren") routinely inspected the school building.  Uren represented that it had the skill, experience and expertise necessary to obtain insurance that would protect her financial interests against physical loss that might occur to her school.  Uren unilaterally selected the kind and amount of insurance coverage issued by Travelers.  Uren represented the coverage issued by Travelers was sufficient to insure the school in the event of a total loss.[11]  Singleton alleges that Travelers claims that its policy of insurance does not provide coverage for code improvements, and that if Travelers is correct, then Uren failed to exercise the reasonable and necessary care required to obtain the needed insurance.[12]

These allegations set forth a valid claim against Uren for its negligent failure to obtain coverage for ordinance and code upgrades.  An insurance agent has a duty to exercise reasonable care in seeking coverage requested by the insured.[13]

Singleton's claim against Uren accrued and the statute of limitations commenced when her claim was denied and she sustained a loss because of Travelers' refusal to pay the amount of loss not when the broker procured the wrong insurance.[14]

---

[9] *Howard Jarvis Taxpayers Ass'n v. City of La Habra* (2001) 25 Cal.4th 809, 815.
[10] *Pugliese v. Sup. Ct (Pugliese)* (2007) 146 Cal.App.4th 1444, 1452.
[11] Complaint ¶¶ 74-81.
[12] Complaint ¶¶ 82-84.
[13] *Free v. Republic Ins. Co.*, (1992) 8 Cal.App.4th 1726.
[14] *Walker v. Pacific Indem. Co.* (1960) 183 CA 2d 513, 517.

DOHERTY GEORGESON KERLEY LLP
999 Fifth Avenue, Suite 400
San Rafael, CA 94901
(415) 453-2300

**C.    The Complaint set forth all elements of a cause of action for Civil Aiding and Abetting Against Travelers' Engineers and Contractors**

a.     Hohback-Lewin Inc., Chris Morton, and Isam Hasenin were engineers with whom Travelers had a written, oral and/or implied business relationships.  The engineers routinely performed engineering investigations for Travelers, and Travelers paid them a substantial amount of their total annual income to provide Travelers with written reports and testimony to undermine Travelers' policyholders' claims.  The engineers concealed that they regularly perform work for Travelers.  They knowingly and intentionally understated the scope of damage to the insured building to assist Delgado in undermining Singleton's legitimate insurance claim.  They knowingly and intentionally misrepresented the City of Dublin's code requirements so that Delgado could deny Singleton's insurance claims.  They held themselves out as independent experts in determining the need for code requirements, and they represented they had special expertise and were acting independently to determine the need for code improvements.  They received direction from Delgado as to the conclusions their reports should reach and they knew that Travelers used their reports and testimony to misstate material facts to deny coverage.  They knew that Travelers had an insurance contract with Singleton and that the insurance contract requires the insurer to deal fairly with the insured.  They knew that Travelers owed Singleton a duty of good faith and fair dealing and that the breach of the duty is a court was a tort.  They knew before preparing their reports that Travelers would use the reports to deny Singleton's legitimate insurance claims.  They falsely testified at the policy appraisal hearing.  They unlawfully tried to influence the City of Dublin's building officials to ignore City building regulations; they ignored material evidence, conceal material evidence, conducted an incomplete investigation and reached false conclusions.  They were important in aiding, abetting and assisting Travelers in breaching the covenant of good faith and fair dealing.  They knew their conduct substantially assisted Travelers

DOHERTY GEORGESON KERLEY LLP
999 Fifth Avenue, Suite 400
San Rafael, CA 94901
(415) 453-2300

5

Case No. C 08-1852 CW                                                                                         MOTION TO REMAND

in denying plaintiff's claim. And as a direct and proximate result, Singleton has been damaged.[15]

b.  Walter Springs Construction and Murat Zilinki are licensed general contractors. Allegations identical in substance to the ones made against the engineers are made against the general contractors.[16] The obvious difference is that instead of furnishing false engineering advice, they furnish false reconstruction cost estimates.

California recognizes a cause of action for civil aiding and abetting holding that the tort does not require the defendant to have an independent duty to the plaintiff.[17]

Singleton's cause of action against the engineers and contractors did not accrue until Travelers denied her claim. In addition, defendants Chris Morton; Hohback-Lewin Inc. Isam Hasenin, Murat Zilinki, Walter Springs Construction falsely testified against Singleton at the policy appraisal hearing on April 27, 2007, less than one year before Singleton filed a complaint.[18]

### D. The Complaint sets forth all elements of a cause of action for breach of contract and the covenant of good faith and fair dealing against Bank of the West

The complaint alleges that at the time of the fire Textron held the mortgage on Singleton's school. Travelers paid Singleton $131,846.41 which Textron was to hold in a separate account to be used to repair and replace the insured dwelling. In breach of the mortgage agreement and law, Textron applied the insurance proceeds to the outstanding loan balance. By applying the proceeds to the outstanding loan, Textron left Singleton unable to repair her dwelling. Textron then transferred its interest in the purchase money mortgage to Bank of the West. Bank of the West now holds Singleton's mortgage and

---

[15] Complaint, ¶¶ 85-110.
[16] Complaint, ¶¶ 85-110.
[17] *Casey v. United States Bank Nat. Ass'n* (2005) 127 Cal.App.4th 1138.
[18] Decl. Doherty, ¶ 9, Exhibit G.

6

Case No. C 08-1852 CW                                                                                   MOTION TO REMAND

refuses to apply the insurance proceeds to an account to be used for the construction of the school.[19]

The appellate court in *Schoolcraft v. Ross* held that the implied covenant of good faith and fair dealing forbids the lender from unilaterally cutting off the borrower's right to use the loan funds for the reconstruction of the dwelling damaged by fire. There must first be a showing that the security is impaired.[20]

**II.    The Removal Notice is Defective for the non-joinder of served parties**

Singleton served a copy of the filed summons and complaint on Isam Hasenin, Hohback-Lewin Inc., Chris Morton, Uren Harrison Kennedy Insurance Company, and Walter Springs Construction.[21]

Hohback-Lewin Inc. has answered the complaint and filed a cross-complaint against Travelers.[22] Walter Springs has filed a demurrer, propounding written discovery and noticed the deposition of Singleton.[23] Because all defendants must join in removal, Travelers' failure to join these codefendants renders the removal defective.[24]

DATED: May 1, 2008              DOHERTY GEORGESON KERLEY LLP


                                        /S/
                                FRANCIS X. DOHERTY
                                J. EDWARD KERLEY
                                Attorneys for Plaintiff

---

[19] Complaint, ¶¶ 111-129.
[20] *Schoolcraft v. Ross* (1978) 81 Cal.App.3d 75, 80.
[21] Decl. Doherty, ¶ 6, Exhibit E.
[22] Decl. Doherty, ¶ 7, Exhibit F.
[23] Decl. Doherty, ¶ 8.
[24] *Hewitt v. City of Stanton* (9th Cir.) 1986) 798 F2d 1230, 1232.

DOHERTY GEORGESON KERLEY LLP
999 Fifth Avenue, Suite 400
San Rafael, CA 94901
(415) 453-2300