FRANCIS X. DOHERTY (52329)
J. EDWARD KERLEY (175695)
DOHERTY GEORGESON KERLEY LLP
1101 Fifth Avenue, Suite 310
San Rafael, CA 94901
(415) 453-2300
(415) 455-0270 Facsimile

ATTORNEYS FOR PLAINTIFF
LA VELDA SINGLETON dba
LOVE AND CARE PRESCHOOL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LA VELDA SINGLETON dba LOVE AND CARE PRESCHOOL,<br><br>Plaintiff,<br><br>v.<br><br>TRAVELERS INDEMNITY COMPANY OF CONNECTICUT,<br><br>Defendant. | Case No.: C 08-1852 CW<br><br>**REPLY TO OPPOSITION TO MOTION TO REMAND**<br><br>Date:  June 5, 2008<br>Time: 2:00 p.m.<br>Courtroom 2 |

La Velda Singleton ("Singleton") submits this reply to Travelers Indemnity Company of Connecticut's ("Travelers") opposition to remand:

## I.   INTRODUCTION

Travelers chooses a few of the many allegations in the Complaint to argue that no cause of action can be sustained against any of its co-defendants. It is artful argument, but misleading, because Travelers ignores the allegations that establish valid causes of action against the co-defendants, and that make remand to the California Superior Court appropriate.

1

Case No. C 08-1852 CW                                REPLY TO OPPOSITION-MOTION TO REMAND

## II. REPLY TO TRAVELERS' OPPOSITION

### A. The Complaint Sets Forth All Elements of a Cause of Action for Uren's Failure to Obtain Insurance, and it Was Timely Filed

Singleton has stated a cause of action against Uren for negligence under several theories: 1) Uren failed to obtain adequate coverage for the value of the building; 2) Uren failed to obtain adequate coverage for the contents of the building; 3) Uren failed to obtain coverage for loss of income for the daycare; and 4) Uren failed to obtain appropriate upgrade coverage.[1] The general rule is that an insurance agent has a duty to exercise reasonable care in seeking coverage requested by the insured.[2]

Travelers premises its entire argument by choosing only one of the four allegations of Uren's negligence. Travelers solely relies on the allegation that Uren failed to obtain the appropriate code upgrade coverage. Travelers then emphatically argues its version of the facts, and admits that its policy provides code upgrade coverage. Travelers then concludes Uren could not be negligent under any theory. Travelers analysis is overly simplistic, it ignores the question of whether the upgrade coverage is the type and kind that Uren should have obtained and the other detailed factual analysis that would be required by the trier of fact to determine whether Uren was negligent.

But even assuming that Uren could prevail on the issue of code upgrade coverage at trial, Travelers willfully ignores the three other allegations against Uren. Any of which would be sufficient to establish a cause of action that Uren failed to use reasonable care in obtaining coverage.

Additionally, Singleton's claim against Uren is timely. A cause of action is complete only when in addition to the wrongdoing the plaintiff suffers appreciable harm.[5]

---

[1] Complaint ¶ 82.

[2] *Free v. Republic Ins. Co.*, 8 Cal. App. 4th 1726 (Ct. App. 1992).

[5] *Davies v. Krasna*, 14 Cal.3d 502, 503 (1975)

DOHERTY GEORGESON KERLEY LLP
1101 Fifth Avenue, Suite 310
San Rafael, CA 94901
(415) 453-2300

And the cause of action against Uren could only be commenced after Plaintiff sustained damage.[6] So until Travelers actually denied coverage for her building claim, her content claim, and her loss of income claim, Singleton had not suffered damage. And because Travelers has never made a final written coverage decision, it has never denied Singleton's claim. It was only after waiting a reasonable time that Singleton came to the belief that her claim would not be paid by Travelers. At that point she filed the state action against Uren after exhausting all reasonable efforts to get Travelers to pay the claim for coverage that Uren should have obtained.

The cause of action against Uren is timely under each of the four theories of his negligence, and this alone supports remand to the Superior Court.

### B.  The Complaint Set Forth All Elements of a Cause of Action for Civil Aiding and Abetting Against Travelers Contractors and Engineers

Travelers argues that against the other codefendants—the contractors, the engineers, the engineering firms— no cause of action can be stated. Travelers argues that: 1) it committed no tort, 2) the defendants did not render substantial assistance, 3) Isam Hasenin, a retained expert, cannot be sued for false testimony given a civil proceeding, 4) Chris Morton, Murat Zilinki, their employers and Walter Springs Construction as agents of an insurer cannot be liable for bad faith, and 5) the claims are time-barred. Travelers' arguments do not withstand scrutiny.

First, the allegations of the complaint show that Travelers committed a tort (allegations again ignored by Travelers in its arguments to the Court). Among other things, Singleton alleges that Travelers unreasonably paid less than the amount necessary to repair the preschool, even before code upgrades were considered.[7] Singleton alleges that Travelers wrongfully denied that it had a duty to pay for $250,000 in city-mandated code upgrades. Travelers has claimed the upgrades are not required by the city of Dublin

---

[6] *Walker v Pacific Indem. Co.* (1960) 183 CA 2d 513, 517.
[7] Complaint 8:15-16.

1 and that its decision was final even if Singleton's included the disputed code
2 improvements in her repairs.[8] Singleton alleges that Travelers unreasonably paid a
3 fraction of the diminution in the value of the preschool making the replacement of the
4 building unachievable, depriving Singleton of replacement cost benefits.[9] Along with the
5 dispute about code upgrades, Singleton alleges that Travelers unreasonably claimed
6 ordinary building repairs were code upgrades to avoid its obligation to pay the diminution
7 in value of Singleton's preschool.  Travelers was obligated to pay Singleton the value of
8 these non-code related repairs, even though it was not repaired.[10] For example, Singleton
9 alleges that Travelers unreasonably denied coverage for the replacement cost of the
10 preschool *shower* because Singleton was not using it as a shower at the time of loss.[11]

11 Each of these allegations, assumed true for this motion, are a tortious breach of the
12 covenant of good faith and fair dealing. The ultimate test is whether the refusal to pay
13 policy benefits was unreasonable.[12] Thus, numerous allegations in the complaint
14 establish that Travelers' conduct was tortious.

15 When the above allegations of tortious conduct are considered, it is clear that the
16 co-defendants rendered substantial assistance that allowed Travelers to delay and
17 withhold payment from Singleton. Singleton alleges in her complaint that the engineers
18 ignored and concealed evidence, reached false conclusions and misrepresented the code
19 requirements of the city of Dublin. Singleton alleges that the contractors misrepresented
20 the scope of repairs and knowingly and intentionally understated the diminution in value
21 of the cost of repairs.[13] Travelers' engineers and contractors made it possible for
22 Travelers to undertake this tortious conduct using their reports and findings as evidence

---

[8] Complaint 7:26-28.
[9] Complaint 8:1-4.
[10] Complaint 8:1-4.
[11] Complaint 7:15-19.
[12] *Austero v. National Cas. Co.* 84 Cal.App.3d 1 (1978); *Gruenberg v. Aetna Ins. Co.* 9 Cal.3d 566, 574 (1973); and *Neal v. Farmers Ins. Exchange* 21 Cal.3d 910, 920 (1978).
[13] Complaint ¶¶ 103 & 106.

4

Case No. C 08-1852 CW                                REPLY TO OPPOSITION-MOTION TO REMAND

DOHERTY GEORGESON KERLEY LLP
1101 Fifth Avenue, Suite 310
San Rafael, CA 94901
(415) 453-2300

to support its denials. The requirements of a cause of action for aiding and abetting are thus satisfied. California recognizes a cause of action for civil aiding and abetting holding that the tort does not require the defendant to have an independent duty to the plaintiff.[14] Liability may be imposed on these co-defendants who aided and abetted the Traveler's tort where they knew Travelers' conduct constituted a breach of duty and gave substantial assistance to Travelers to so act.

Travelers' contention that Morton, Zilinki and their companies as its agents cannot be liable for *bad faith* misses the mark.  Travelers' citations to authority are not applicable to Singletons' cause of action for civil aiding and abetting.  For example, in *Gruenberg*, the Supreme Court specifically limited its decision to a pleading that alleged only that the non-insurer defendants breached the duty of good faith and fair dealing, a completely different theory of liability than civil aiding and abetting. Focusing on the pleadings, the Supreme Court stated that "we need not consider the possibility that they have committed another tort in their respective capacities as total strangers to the contract of insurance.[15] Aiding and abetting is obviously a separate tort that Travelers wants to ignore.

The result was the same in *Doctors' Co* cited by Travelers.  In D*octors' Co.,* the complaint alleged that the insurer, the insurer's attorneys and the insured conspired to violate the plaintiff's rights under Insurance Code section 790.03(h)(5).  The Supreme Court held that only persons engaged in the business of insurance can violate section 790.03, and ordinarily corporate agents and employees acting for and on behalf of the corporation cannot be held liable for inducing a breach of the corporation's contract.[16] This decision does not bar an action for civil aiding and abetting.

And in *Sanchez,* the appellate court balanced the benefits and costs of allowing a policyholder to bring suit against an independent insurance adjuster engaged by the insurer. The court found that an adjuster should not be held liable in tort to an insured for

---

[14] *Casey v United States Bank Nat. Ass'n,* 127 Cal App 4th 1138 (2005).

[15] *Gruenberg v. Aetna Ins. Co.*, 9 Cal. 3d 566, 576 (Cal. 1973).

[16] *Doctors' Co. v. Superior Court,* 49 Cal. 3d 39, 45 (Cal. 1989).

DOHERTY GEORGESON KERLEY LLP
1101 Fifth Avenue, Suite 310
San Rafael, CA 94901
(415) 453-2300

negligent claims handling, which causes only economic loss.[17] The holding in *Sanchez* was narrow and has no application to Singleton's cause of action for civil aiding and abetting.

Finally, Singleton's claims against the engineers and contractors are not time-barred. Singleton's cause of action against the engineers and contractors did not accrue until Travelers denied her claim. An action is complete with all of its elements when in addition to alleged wrongdoing or breach, plaintiff has suffered actual and appreciable harm.[18]

### C.  Hasenin is not Immune from Liability

Travelers' argument that its engineer, Hasenin, cannot be held liable for aiding and abetting ignores a key allegation in the complaint. Singleton alleges that Hasenin attempted to unlawfully influence the city of Dublin's building inspector to overlook code-required upgrades.[19] The litigation privilege that Traveler's asserts cannot be stretched to cover the attempted corruption of a building department official. This allegation relates to conduct well beyond simply testifying at a policy appraisal hearing.

### D.  Delgado Claim is not Time Barred

Travelers argues that Singleton's cause of action against Delgado for intentional infliction of emotional distress is time-barred. Travelers sets forth the five examples of outrageous conduct that Singleton attributed to Delgado in the complaint. It then only selected the allegation that Delgado was orally abusive during the investigation. Travelers notes that Delgado's last meeting with Singleton occurred in 2004, more than two years before the action was filed. Thus Travelers concludes Singleton's cause of

---

[17] *Sanchez v. Lindsey Morden Claims Servs*., 72 Cal. App. 4th 249, 250-251 (Cal. App. 2d Dist. 1999).

[18] *Davies v. Krasna,* 14 Cal 3d 502, 503 (1975).

[19] Complaint ¶¶ 17-23.

1 action for intentional infliction of emotional distress must fail. But Travelers says
2 nothing about the timing and discovery of damage estimates Delgado concealed or when
3 she induced the engineers to falsify the engineering report. Travelers ignores these
4 allegations all together. Even if one of the five examples is time-barred, the other four are
5 not.

### E. The Complaint Sets Forth All Elements of a Valid Cause of Action Against Bank of the West and the Action Was Timely Filed

Travelers contends that Singleton cannot state a cause of action for breach of contract with Bank of the West. Traveler's claims it found an express provision in the Loan and Security Agreement that defeats this cause of action. But Travelers misreads the provision.

Travelers misinterprets paragraph 4.11 in the Loan and Security Agreement. It makes the totally implausible argument that a bank can seize the proceeds of an insurance policy at its whim from the policyholder. The result is absurd. Imagine the scenario where your kitchen catches fire, you are current on your mortgage, and need to replace the kitchen. But Bank of the West, says nope we are not going to give you the policy proceeds to rebuild your kitchen. Instead we are going to pay down your mortgage with the proceeds. That is the unreasonable result that Travelers would have this Court reach. But it is based on Travelers misreading of the policy.

When paragraph 4.11 is read in context, it is clear that the meaning of the provision is that when the policyholder's loan is in **default**, then, and only then, may the bank take for itself and use the policy proceeds. This interpretation is the only one that makes some sense. Under a default, a bank would need the proceeds of the policy to restore the building, or otherwise protect its security interest.

Paragraph 4.11 of the Loan and Security Agreement states, in relevant part, that:

> Upon an Event of Default, Secured Party is hereby authorized to act as attorney for Debtor in obtaining, adjusting, settling and canceling such insurance and endorsing any drafts or instruments. Secured Party shall be authorized to apply the

DOHERTY GEORGESON KERLEY LLP
1101 Fifth Avenue, Suite 310
San Rafael, CA 94901
(415) 453-2300

7

Case No. C 08-1852 CW                    REPLY TO OPPOSITION-MOTION TO REMAND

        proceeds from any insurance to the Obligations secured hereby whether or not such Obligations are then due and payable. [Emphasis added.]

Travelers' interpretation ignores the fact that the discussion of the bank's right to apply insurance proceeds is permitted in the instance when the borrower is in default. In context, these two provisions relating to an insurance claim allows the bank to adjust and settle the loss and, in that case, retain the insurance proceeds. <u>Singleton has never allowed her mortgage to fall into default, and there is no such allegation in the Complaint.</u>

     Even if the provision were ambiguous, which it is not, Bank of the West drafted the agreement. It is a well-established cannon of interpretation that ambiguities are construed against the drafter.

     Furthermore, *Schoolcraft* is still a reliable precedent. That holding does not allow a bank to seize the proceeds of a policy. The Supreme Court in *Carma Developers (California) Inc. Marathon Development California, Inc.* did not overrule *Schoolcraft v. Ross*. *Schoolcraft* dealt precisely with the issue before this court.

### III. CONCLUSION

     Based on the foregoing, Singleton request the court remand this lawsuit to Superior Court of California for Alameda County.

DATED: May 22, 2008                DOHERTY GEORGESON KERLEY LLP

                                          /S/
                                  FRANCIS X. DOHERTY
                                  J. EDWARD KERLEY
                                  Attorneys for Plaintiff

DOHERTY GEORGESON KERLEY LLP
1101 Fifth Avenue, Suite 310
San Rafael, CA 94901
(415) 453-2300