IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA VELDA SINGLETON d.b.a. LOVE AND CARE PRESCHOOL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, et al.,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　／ | No. C 08-1852 CW<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND AND DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO DISMISS |

　　　Plaintiff La Velda Singleton has filed a motion to remand this case to Alameda County Superior Court.  Defendant Travelers Indemnity Company of Connecticut opposes the motion and has filed a motion to dismiss.  The motions were taken under submission on the papers.  Having considered all of the parties' papers, the Court grants Plaintiff's motion and denies Defendant's motion without prejudice.

## BACKGROUND

　　　The following facts are alleged in the complaint.  Plaintiff is the owner of the building located at 8010 Holanda Lane in Dublin, California.  Plaintiff is also the proprietor of Love and Care Preschool, which she operated at the Dublin property.  On November 17, 2004, a fire damaged the building and its contents,

rendering it uninhabitable and unfit for use as a preschool.

At the time of the fire, Plaintiff carried an insurance policy, written by Defendant Travelers, that covered the building, its contents and the loss of income and extra expense that might be sustained if a covered peril made the insured building uninhabitable. Plaintiff obtained the Travelers policy, and had since 1982 obtained all of her property insurance, through Defendant Uren Harrison Kennedy Insurance Agency (Uren), a California corporation that acted as Travelers' agent. Plaintiff alleges that at the time she obtained the insurance for the building, "and at various times there after [sic], the agents, employees, officers and representatives of Uren stated that they had the skill, experience and expertise to obtain the kind and the amount of insurance that Plaintiff would need to protect her interests." Complaint ¶ 11. Moreover, Plaintiff alleges that, from 1982 to the time of the fire, Uren "routinely inspected and considered the insurance needed for the insured building, its contents and a potential interruption in Plaintiff's preschool should the insured building become uninhabitable." Id. at ¶ 12.

Plaintiff alleges that she and Defendants Uren and Travelers "agreed that the written policy of insurance to be issued would protect the Plaintiffs['] financial interests should an insured peril cause the complete loss of the building and content [sic] and rendered [sic] the building uninhabitable." Id. at ¶ 17. Plaintiff refers to this as "the 'Agreement' between the parties." Id.

However, Plaintiff alleges that after the fire, Defendants

2

1 Uren and Travelers

> claimed that their liability to Plaintiffs [sic] was limited to the terms set forth in Travelers' and Does 1-30's written policy of property insurance, but unlike the Agreement . . . the policy of property insurance issued by Travelers and Does 1-30 did not provide the promised coverage for the insured building, its contents or provide for loss of income and extra expense incurred because the insured building became uninhabitable.

Id. at ¶ 19.  After the fire, Plaintiff provided Travelers with prompt notice of the loss and damage.

Based on these allegations, Plaintiff brings claims against Travelers for reformation of the property insurance policy, breach of the insurance policy, breach of the covenant of good faith and fair dealing, fraud and negligent misrepresentation.  Plaintiff also states a claim for negligence against Uren and Travelers.

In addition, Plaintiff alleges various claims based on Travelers' handling of her claim following the fire and the reconstruction of her building.  Plaintiff states an intentional infliction of emotional distress claim against Allyson Delgado, the claims administrator assigned to Plaintiff's claim.  Plaintiff alleges that Delgado "earned salary, bonuses, and benefits based on her ability to undermine, discredit, and destroy policyholders' legitimate claims so that Travelers and Does 1-30 could avoid their obligations under their policies of insurance."  Id. at ¶ 64. Next, Plaintiff alleges that the contractors and engineers hired by Travelers to assess the damage to her property, Defendants Chris Morton, Hohback-Lewin Inc., Isam Hasenin, Murat Zilink and Walter Springs Construction (Construction and Engineering Defendants), knowingly wrote reports based on "direction from Travelers'

3

personnel as to the conclusion that there [sic] reports should reach." Id. at ¶ 99. Therefore, she alleges that the Construction and Engineering Defendants are liable for civil aiding and abetting for assisting Travelers in breaching the covenant of good faith and fair dealing.

Finally, Plaintiff alleges that Textron Financial and Bank of the West (Creditor Defendants) improperly applied the proceeds of Plaintiff's insurance claim to the outstanding loan balance on her mortgage on the property. Plaintiff alleges that she forwarded the check from Travelers to the Creditor Defendants "to hold in a separate account to be used to repair and replace the insured dwelling." Id. at 115. Therefore, Plaintiff brings a claim for breach of contract and breach of the covenant of good faith and fair dealing against the Creditor Defendants.

On February 19, 2008, Plaintiff filed her complaint in Alameda County Superior Court and served it on Defendant Travelers. On April 7, 2008, Travelers filed a notice of removal, arguing that this Court has diversity jurisdiction over the case. On April 9, 2008, Plaintiff filed in the state court proofs of service indicating that, on March 22, 2008, Defendants Hasenin, Hohback-Lewin, Morton, Uren and Walter Springs Construction had been served.

## DISCUSSION

A defendant may remove a civil action filed in state court to federal district court so long as the district court could have exercised original jurisdiction over the matter. 28 U.S.C. § 1441(a). If at any time before final judgment it appears that

4

the district court lacks subject matter jurisdiction over a case previously removed from state court, the case must be remanded. 28 U.S.C. § 1447(c). On a motion to remand, the scope of the removal statute must be strictly construed. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. Courts should resolve doubts as to removability in favor of remanding the case to state court. Id.

District courts have original jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a). When federal subject matter jurisdiction is predicated on diversity of citizenship, complete diversity must exist between the opposing parties. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978).

A defendant may remove a case lacking complete diversity and seek to persuade the district court that any non-diverse defendant was fraudulently joined. See McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." Id. at 1339. The defendant need not show that the joinder of the non-diverse party was for the purpose of preventing removal. Instead, the defendant must demonstrate that there is no possibility that the plaintiff will be

5

able to establish a cause of action in state court against the alleged sham defendant. See id.; Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998). For purposes of deciding a motion for removal, "[t]he Court may look beyond the pleadings and consider affidavits or other evidence to determine if the joinder was a sham." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1068 (9th Cir. 2001).

Defendant Travelers argues that complete diversity exists here because it is a Connecticut corporation, Textron is a Rhode Island Corporation and the complaint does not state a claim against Delgado, Uren, the Construction and Engineering Defendants or Bank of the West. Because Plaintiff has stated a cause of action against Uren, complete diversity does not exist and this case must be remanded to the state court.

As described above, Plaintiff's complaint includes a negligence claim against her insurance agent, Uren. The complaint alleges that Uren "failed to exercise reasonable care in determining the necessary kinds and amounts of insurance needed to protect Plaintiff's financial interest in the insured building, its contents[,] the potential loss of earnings and extra expenses." Complaint ¶ 83. As Travelers concedes, "the law recognizes a cause of action for professional negligence against an insurance broker who fails to secure requested coverage." Opposition at 9; see Free v. Republic Ins. Co., 8 Cal. App. 4th 1726, 1729-30 (1992).

Here, Plaintiff alleges that Uren represented to her that it "had the skill, experience and expertise to obtain the kind and amount of insurance that Plaintiff would need to protect her

6

interests against physical loss which might occur to the insured building, its contents and for the interruption of her business that might arise should the insured building become uninhabitable." Complaint ¶ 75.  Moreover, Plaintiff alleges that Uren "routinely inspected the insured building, its contents and considered the potential loss of income and extra expense that might occur should a covered peril render the insured building uninhabitable." Id. at ¶ 76.  Contrary to Travelers' argument, Plaintiff's negligence claim extends beyond "code upgrade coverage."

Travelers also argues that any negligence claim against Uren is barred by the two-year statute of limitations.  See Cal. Code. Civ. P. § 339(1); Hydro-Mill Co., Inc. v. Hayward, Tilton and Rolapp Ins. Assocs. Inc., 115 Cal. App. 4th 1145, 1155 (2004). Travelers bases this argument on an assumption that the claim accrued on November 17, 2004, the date of the fire.  However, there is nothing in the record to demonstrate that Plaintiff had reason to believe that her losses were not covered on the date they occurred.

To determine its jurisdiction, the Court need not decide whether Plaintiff can prove a legally cognizable claim against Uren, but need only conclude that she has plead one under state law.  Briggs v. Lawrence, 230 Cal. App. 3d 605, 610 (1991).  It is Travelers' burden to demonstrate that there is no possibility that Plaintiff will be able to establish a cause of action against Uren in state court.  With all reasonable inferences drawn in Plaintiff's favor, she has alleged a timely claim for negligence against Uren.  Thus, while it remains to be seen whether Plaintiff

7

will be able to prevail on such a claim, the Court cannot conclude that there is no possibility that she will.  Accordingly, Travelers has not met its heavy burden of establishing that this Court has removal jurisdiction.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion to remand this action to state court (Docket No. 13).  Because the Court lacks subject matter jurisdiction over this case, it is without power to adjudicate Travelers' motion to dismiss (Docket No. 5).  Therefore, that motion is DENIED WITHOUT PREJUDICE to re-filing it in the state court proceedings.  The clerk shall close the file.  Each party shall bear its own costs.

IT IS SO ORDERED.

Dated: 6/27/08

CLAUDIA WILKEN
United States District Judge